IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | Civil No. 1:25-cv-18-HSO |
| | § | Criminal No. 1:21-cr-59-HSO-BWR-8 |
| | § | |
| JAMAAR SAUNDERS | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT JAMAAR SAUNDERS'S MOTION [385] TO VACATE UNDER 28 U.S.C. § 2255**

Defendant Jamaar Saunders's Motion [385] to Vacate under 28 U.S.C. § 2255 seeks a reduction in his sentence due to the alleged ineffective assistance of his appellate counsel. The Court directed Defendant's appellate counsel, Karl C. Hightower, to file a responsive affidavit, which he has, *see* Aff. [388], and for the Government to respond to the Motion [385], which it did, *see* Resp. [390]. Having reviewed the Motion [385], the record, and relevant law, the Court finds that, because "the files and records of the case conclusively show that the prisoner is entitled to no relief," the Motion [385] should be denied without an evidentiary hearing. 28 U.S.C. § 2255(b).

I. BACKGROUND

Defendant Jamaar Saunders ("Defendant") was identified by his Facebook communications with Raheem Lane ("Lane"), a narcotics trafficker, during a joint Drug Enforcement Administration ("DEA") and Gulfport, Mississippi, Police Department ("GPD") investigation. PSR [328] at 12-13. DEA agents knew Defendant to be a convicted felon. *Id.* On December 20, 2020, Defendant messaged

Lane that a .380 caliber handgun was for sale and sent him a photo of the firearm. *Id.* Using the photograph, DEA and GPD were able to determine that the firearm was stolen. *Id.* On January 19, 2021, Defendant sent Lane a photo of two more handguns, one of which "was similar to a firearm seized from Lane" when DEA agents later executed a search warrant on Lane's house on May 17, 2021. *Id.* at 14. The agents also seized Lane's phone, which revealed conversations between him and Defendant regarding the sale of multiple firearms and marijuana transactions. *Id.* During the search of Lane's residence, DEA agents also discovered 27 grams of methamphetamine, which Lane stated was given to him by Defendant, and a gold 2010 Jaguar XF registered in Defendant's name. *Id.* at 12-14. DEA agents learned that Lane and Defendant used CashApp to transfer funds to and from one another, as well as to other narcotics traffickers. *Id.* at 14.

On October 19, 2021, Defendant, Lane, and six other co-Defendants were charged in a nine-count Superseding Indictment [31] involving a conspiracy to possess with intent to distribute multiple controlled substances and firearms.[1] Superseding Indictment [31] at 1-7. The Grand Jury later returned two more Superseding Indictments [191], [258]. *See* 2d Superseding Indictment [191]; 3d Superseding Indictment [258]. In the Third Superseding Indictment [258], Defendant was charged in three counts with: (1) knowingly and intentionally conspiring to possess with intent to distribute multiple controlled substances (Count 1); (2) knowingly and intentionally conspiring to possess firearms in furtherance of

---

[1] Lane was the only Defendant named in the original Indictment [15]. *See* Indictment [15].

drug trafficking crimes (Count 2); and (3) knowingly possessing with intent to distribute a mixture or substance containing five or more grams of methamphetamine (Count 3). 3d Superseding Indictment [258] at 1-5.

Defendant ultimately pled guilty to Count 2 of the Third Superseding Indictment [258] pursuant to a written Plea Agreement [301] with the Government, *see* Minute Entry, Oct. 25, 2022, in which he waived the right to contest his conviction or sentence on appeal or in any post-conviction proceeding, with the exception of ineffective assistance of counsel claims, Plea Agreement [301] at 5-6. The Presentence Investigation Report [328] ("PSR") prepared by the United States Probation Office assessed Defendant a base offense level of 22, PSR [328] at 16, with a two-level enhancement because Defendant possessed between three and seven firearms, *id.* Two more levels were added because the offense involved a stolen firearm, and two four-level enhancements were assessed to Defendant for trafficking two or more firearms and for possessing a firearm in connection with another felony offense. *Id.* After receiving a three-level reduction for acceptance of responsibility, Defendant's total offense level was determined to be 31, *id.*, and his criminal history score was calculated as 13, which established a criminal history category of VI, *id.* at 20. Based upon a total offense level of 31 and a criminal history category of VI, the United States Sentencing Guidelines imprisonment range was 188 to 235 months. *Id.* at 24.

At sentencing, Defendant raised multiple objections to the PSR [328]. Hr'g Tr. [339] at 3-6. He argued that his criminal history category should be a V

3

because one of his past misdemeanors had been expunged, and that only one firearm should be attributed to him because only one was sold to Lane, as the other firearms attributed to Defendant only appeared in pictures he sent to Lane. *Id.* Defendant further contended that if a semi-automatic firearm capable of accepting a large-capacity magazine was not attributed to him, his base offense level would have been lower than 22. *Id.* at 5-6. Defendant further asserted that none of the sentencing enhancements should apply because only the firearm he sold to Lane should be attributed to him. *Id.* at 3-6. The Government conceded that it could not establish the four-level enhancement for trafficking two or more firearms, and the Court sustained that objection, *id.* at 33, but it overruled the others, *id.* at 33-40. Defendant's new total offense level was 27, with a Guidelines imprisonment range of 130 to 162 months. *Id.* at 40-41.

On April 21, 2023, the Court sentenced Defendant to a term of imprisonment of 146 months, plus five years supervised release, and the remaining counts against Defendant were dismissed. J. [330]. Defendant appealed, and Karl C. Hightower ("Hightower") was appointed as his appellate counsel. *See* Not. [331]; Order [335]. On appeal, Hightower argued that the Court should have sustained Defendant's objection to the two-level enhancement for possessing three to seven firearms. *See* Brief for Petitioner at 10-16, *United States v. Saunders*, 23-60243 (5th Cir. Sept. 18, 2023), 2023 WL 6278234, at *4-10. The Government responded by filing a Motion to Dismiss the Appeal on grounds that Defendant waived his right to appeal his sentence in the Plea Agreement [301]. *See* Government Motion at 6-14, *United*

4

*States v. Saunders*, 23-60243 (5th Cir. Sept. 28, 2023). The Fifth Circuit Court of Appeals agreed and granted the Motion to Dismiss. *See* Mandate [343].

Defendant filed the instant Motion [385] to Vacate under 28 U.S.C. § 2255 on January 24, 2025, arguing that Hightower was deficient because he did not raise the Court's overruling of Defendant's other gun-related sentencing objections on appeal. *See* Mot. [385] at 4-10. In his Affidavit [388], Hightower avers that he reviewed the record, met with Defendant, and explained to him that a successful appeal was unlikely because he waived his right to appeal. *See* Aff. [388] at 2-6. Hightower states that he assured Defendant he would pursue all non-frivolous arguments, and he maintains that he zealously represented Saunders to the best of his ability and spent "a more than sufficient amount of time engaging in meaningful and purposeful work related to this matter[.]" *Id.* at 5. The Government contends in its Response [390] that Hightower's strategic decision on what arguments to raise on appeal should be afforded substantial deference, and that the record shows that he put forth the best arguments possible. Resp. [390] at 6-9. The Government also highlights that even if Hightower's performance was deficient, Defendant did not suffer any prejudice because he had waived his right to appeal his sentence and the Fifth Circuit enforced that waiver. *Id.* at 9-10.

II. DISCUSSION

A. Relevant Law

A prisoner may move to vacate, set aside, or correct his conviction or sentence under 28 U.S.C. § 2255 on any one of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Upon a finding that any one of these four grounds are present, a court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

After the Government answers a § 2255 motion, the district court reviews the motion, the answer, any transcripts, and the record to determine whether an evidentiary hearing is warranted. *See* Rule 8 of § 2255 Rules. "A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Harrison*, 910 F.3d 824, 826-27 (5th Cir. 2018), *as revised* (Dec. 19, 2018); *see also United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). "Conclusory allegations, unsubstantiated by evidence, do not

6

support the request for an evidentiary hearing." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013); *see also United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019).

"[A] claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). To demonstrate ineffective assistance of counsel, a defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's ineffective assistance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "Failure to establish either prong defeats the claim[,]" *Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997), and "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue[,]" *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

A court must presume that "counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ," and a defendant must overcome this presumption. *Nelson v. Davis*, 952 F.3d 651 (5th Cir. 2020) (quotations omitted). To demonstrate "prejudice" in the *Strickland* sense, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In the context of an appeal, "[e]ffective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most

7

likely to succeed." *Davila v. Davis*, 582 U.S. 521, 533 (2017). "Appellate counsel is responsible for making 'solid, meritorious arguments *based on directly controlling precedent.*'" *United States v. Massey*, 79 F.4th 396, 401 (5th Cir. 2023) (emphasis in original) (quoting *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)). "Importantly, '[s]uch directly controlling precedent is rare. Often, factual differences will make authority easily distinguishable, whether persuasively or not. In such cases, it is not necessarily providing ineffective assistance of counsel to fail to construct an argument that may or may not succeed.'" *Id.* (quoting *United States v. Williamson*, 183 F.3d 458, 463 n.7 (5th Cir. 1999)).

B. <u>Analysis</u>

Based upon the Court's review of the record, Defendant cannot carry his burden under *Strickland*. "To succeed, [Defendant] would need to establish that the district court did not exercise its legitimate sentencing discretion and that, if he appealed that issue, the result would more than likely have been different." *Id.*

Defendant does not point to any directly controlling precedent that shows the Court exceeded its sentencing discretion in overruling his objections to the Sentencing Guidelines calculations. *See generally* Mot. [385]. Instead, he only takes issue with Hightower's strategic decisions as to what arguments to raise on appeal. *See id.* But "[s]trategic choices by counsel 'are virtually unchallengeable.'" *Neal v. Vannoy*, 78 F.4th 775, 790 (5th Cir. 2023) (quoting *Strickland*, 466 U.S. at 690); *see also Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) ("But *Strickland* specifically commands that a court must indulge the strong

8

presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." (quotations and alterations in original omitted)). Because Defendant has not pointed to some directly controlling precedent supporting the arguments he claims Hightower should have raised on appeal, he has not satisfied the first *Strickland* prong. *See Massey*, 79 F.4th at 401-02 (rejecting defendant's ineffective assistance of appellate counsel claim because he did not raise any directly controlling precedent, and noting that even where persuasive precedent supporting an unraised position exists, the Fifth Circuit "has generally declined to find that counsel had to raise the argument").

Nor can Defendant satisfy the second *Strickland* prong, prejudice. Defendant signed an appeal waiver in his Plea Agreement [301], Plea Agreement [301] at 5-6, which the Fifth Circuit enforced, *see* Mandate [343]. Defendant has not shown that had Hightower raised arguments as to Defendant's other overruled objections, there existed a reasonable probability that his appeal would not have been dismissed.[2] *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *Olloque v. United States*, No. CR H-18-438, 2021 WL 2301932, at *6 (S.D. Tex. June 4, 2021) (finding no prejudice on a defendant's ineffective assistance of appellate counsel claim since he had "not

---

[2] Hightower did argue on appeal that the Fifth Circuit should not enforce the appeal waiver, but the Court of Appeals plainly rejected that argument. *See* Brief for Petitioner at 14-15, *United States v. Saunders*, 23-60243 (2023), 2023 WL 6278234 at *8-9.

9

demonstrated a reasonable probability the result of the proceeding would have been different had Appellate Counsel" raised an alternative argument "because of his post-conviction relief waiver under the plea agreement"). Defendant has not shown that, but for counsel's alleged error, the outcome would have been different in that the appeal waiver would not have been enforced.

### III.  CONCLUSION

Because the Motion [385], files, and records of the case conclusively show that Defendant Jamaar Saunders is entitled to no relief, his Motion [385] to Vacate under 28 U.S.C. § 2255 should be denied without an evidentiary hearing. *See Reed*, 719 F.3d at 373 (a defendant is only entitled to an evidentiary hearing on a § 2255 motion if he has presented "independent indicia of the likely merit of his allegations" (internal citations omitted)).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Jamaar Saunders's Motion [385] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is **DENIED** without an evidentiary hearing. The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 10th day of April, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE